111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cornelius L. JONES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2020.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 28, 1997.*
Decided Feb. 19, 1997.
 
 Before BAUER, KANNE and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In 1993 Cornelius Jones pleaded guilty to and was convicted of one count of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).[1] Jones did not appeal. In the wake of the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), which narrowed the prevailing interpretation of what it means to "use" a firearm under section 924(c)(1), Jones challenged his conviction pursuant to 28 U.S.C. § 2255. The district court denied the motion, finding that regardless of whether Jones had "used" the weapon, he had nonetheless "carried" it. We affirm.
 
 
 2
 Jones was arrested while riding in a car driven by his co-defendant, Fontez Combs. He admits that it was his .357-caliber revolver that police found underneath his seat. The police also discovered a second gun and a small quantity of crack in the front center console of the vehicle. A stipulation of facts Jones signed as part of the plea agreement he reached with the government further indicated that "Fontez Combs would testify that he and the Defendant [Jones] regularly sell drugs and that the crack cocaine recovered from the vehicle was intended for resale." After Jones pleaded guilty to the section 924(c)(1) offense and in accordance with the plea agreement, the government moved to dismiss the remaining count of the indictment, which charged possession of crack cocaine with intent to distribute.
 
 
 3
 Section 924(c)(1) has two basic elements: the government must show that the defendant used or carried a firearm, and that such use or carrying was during and in relation to drug trafficking. After Bailey it is not enough to support a conviction based on "use" that the firearm is located nearby to protect the drugs or embolden the drug dealer. Bailey, 116 S.Ct. at 508. The Bailey Court did not, however, redefine "carry"; in fact, it remanded so that the lower court could consider whether the invalid "use" convictions could be sustained on the ground that the weapons had been carried. See United States v. Smith, 80 F.3d 215, 220-21 (7th Cir.1996).
 
 
 4
 In the present case, the district court concluded that Jones carried, not used, a firearm, and thus Bailey has no direct relevance. Jones's lengthy discussion of how the pre-Bailey state of the law concerning "use" influenced his decision to plead guilty is also irrelevant. Meanwhile, Jones has essentially admitted that transporting the revolver in the car was a "carry" within the meaning of section 924(c)(1), an undoubtedly accurate concession in light of United States v. Molina, 102 F.3d 928 (7th Cir.1996) and United States v. Baker, 78 F.3d 1241, 1247 (7th Cir.1996).
 
 
 5
 What Jones challenges is whether the admitted carrying was "during and in relation to drug trafficking," the second prong of section 924(c)(1). The government protests that Jones has defaulted this challenge by failing to raise it on direct appeal. See Broadway v. United States, No. 96-2538, slip op. at 5 (7th Cir. Jan. 13, 1997). For the sake of argument, in some circumstances where a guilty plea predicated on use is reconsidered from the carry perspective it may be necessary to reconsider the "in relation to" prong. The defendant can't plead guilty to a preposition standing alone; it acquires meaning only when linked to a verb. Conceivably, the defendant's use of the firearm could have related to drug trafficking (in a sense of "use" now excluded by Bailey ) while his carrying of it did not.
 
 
 6
 Jones's case, however, is free of any such subtleties. His claim that he did not know there were drugs in the car and his suggestion that there was no evidence of his participation in drug trafficking have nothing to do with the manner in which the firearm was employed, and thus his procedural default is uncompromised by Bailey. As the district court observed, Jones improperly attempts to use Bailey as an opportunity to argue on collateral attack that his plea was defective all along. This claim, whatever its dubious merits may be, comes too late.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The statute in relevant part punishes "[w]hoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). Although Jones's indictment alleged that he "used and carried" the firearm, the statute only requires proof of one or the other